In the Matter of the Petition of NORAH O'BOYLE, to Prove the Last Will and Testament of JOHN GIBBONS, Late of the County of Kings, Deceased. ANNE GIBBONS and MARY HOURIHAN, Described in Petition as MARY GIBBONS, etc., Appellants; NORAH O'BOYLE, Respondent.— Decree of Surrogate's Court of Kings county admitting to probate the will of the testator, reversed on the law and the facts, with costs to appellants, and matter remitted to the Surrogate's Court with the direction that a decree be entered denying admission to probate of said will, with costs to contestants, all costs payable out of the estate. The determination of the surrogate was not only against the weight of the evidence but contrary to it. There was here no narrow issue of fact. The testimony in support of execution of the will offended credulity. Under section 309 of the

Surrogate's Court Act this court may and does decide the question of fact. Appeal from decision dismissed. Lazansky, P. J., Davis, Johnston and Close, JJ., concur; Carswell, J., dissents and votes to affirm, with the following memorandum: This court may not substitute its views on credibility for that of the surrogate, where the issue of fact resting on oral proof is within so narrow a compass. (*Boyd* v. *Boyd*, 252 N. Y. 422, 429.) There is no proof of any vitiating element operating at the time decedent expressed his testamentary desires in holographic form. It may not be said that the version which the surrogate accepted respecting the execution and publication of the will was incredible as a matter of law; that being so, which version should be accredited was peculiarly for the trial court.